UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOMAX PRODUCTS, INC., | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. H-08-cv-01560 |
| | § | |
| HOMAX, INC., | § | |
| | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM AND ORDER

Before the Court is the Motion for Partial Summary Judgment of Plaintiff Homax

Products Inc. ("Homax Products). (Doc. No. 31.) After considering the parties' filings,

all responses and replies thereto, and the applicable law, the Court finds that the Motion

should be granted.

### I.    BACKGROUND

Plaintiff Homax Products sells a host of products for home improvement and

cleaning needs. (Clawson Aff. ¶ 2, May 5, 2009.) These products are sold under a

variety of brand names, including the "Homax" brand, which is the predominant mark

used by Plaintiff. (*Id*.) The mark is used on a wide variety of products, such as wall

texture goods. Products sold under the Homax brand comprise the majority of total

product sales for Plaintiff, or approximately fifty percent of gross sales. (*Id*.) The mark

has always been the central brand used to sell Plaintiff's products. (*Id*.) Plaintiff's use of

the Homax brand has occurred throughout the United States since at least 1999. (*Id*. at ¶

3.) Plaintiff sells the products predominantly through large stores, such as Lowes, Home

Depot, and Wal-Mart. Plaintiff's products are sold in these stores in all fifty states. (*Id*.)

Defendant Homax Inc. was founded in 2001. (Shum Depo. 5:20-6:12, Dec. 12, 2008.) Joseph Shum, the co-founder of the company, contacted the Texas Secretary of State who confirmed that the name "Homax" was available for him to use. (Shum Dep. Ex. A, 26-29.)   Shum then incorporated Homax.   (Shum Dep. 42:23; 137:2-4.) Defendant Homax is a wholesale distributor that sells to businesses, not consumers, with clients such as Fiesta and Dollar Stores. (Shum Dep. 68:1-18; 117-132.) Most of the items it sells are branded by other companies, but some items are sold under Defendant's own "Homax" brand. (Shum Dep. 32-49.) Defendant did not become aware of any trademark issues, and was never asked to stop using the Homax name, until Plaintiff first informed it that Defendant's use of the Homax name violated its trademark. (Shum Dep. 28:20-30:13; 100:6-102:3.)

Plaintiff filed suit, alleging claims of trademark infringement in violation of 15 U.S.C. § 1114(1)(a) and false designation pursuant to 15 U.S.C. § 1125(a)(1)(A) and (B). Plaintiff also sought a permanent injunction under the Lanham Act.   Plaintiff moved for partial summary judgment, claiming that Defendant could not assert the affirmative defenses of waiver, laches, and failure to mitigate. This Court has jurisdiction pursuant to 28 U.S.C. § 1338 and 28 U.S.C. § 1332.

## II.    ANALYSIS

### A. Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and

2

admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted).  A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id*. Hearsay, conclusory allegations, unsubstantiated assertions, and unsupported speculation are not competent summary judgment evidence. F.R.C.P. 56(e)(1); *See, e.g.*, *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996), *McIntosh v. Partridge*, 540 F.3d 315, 322 (5th Cir. 2008); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1975 (5th Cir. 1994) (noting that a non-movant's burden is "not satisfied with 'some metaphysical doubt as to the material facts'") (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

### B. Laches

Plaintiff asserts that the scope of its Motion is rather narrow—it is merely seeking a ruling that Defendant cannot, as a matter of law, assert a laches defense to Plaintiff's claim for injunctive relief.[1]  Plaintiff argues that it is not asking the Court to rule on the ultimate merits of Defendant's laches defenses.  Plaintiffs assert that Fifth Circuit law prohibits Defendant from asserting laches as a defense to Plaintiff's claim for injunctive relief.  Defendant counters that courts in this district have left open the possibility that a

---

[1] Defendant concedes that it cannot assert its affirmative defenses of waiver and failure to mitigate in this lawsuit.

defendant can assert laches as an affirmative defense if it will be "substantially prejudiced" by an injunction.

A finding of laches does not usually bar a plaintiff's request for injunctive relief, although it typically will foreclose a demand for an accounting or damages. *Conan Properties, Inc. v. Conan Pizza, Inc.*, 752 F.2d 145, 152 (5th Cir. 1985) (collecting cases). "This is because courts construe the plaintiff's unreasonable delay to imply consent to the defendant's conduct, which amounts to nothing more than a revocable license; the license is revoked once the plaintiff objects to the defendant's infringement." *Id.* (citations omitted). An exception to this rule occurs in cases where the defendant actually relies on the plaintiff's affirmative act, in which case the fiction of implied consent is inapplicable and an injunction may not issue. *Id.* (citing *Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037, 1041 (2d. Cir. 1980)). In *Conan*, the Fifth Circuit allowed a laches defense to the plaintiff's request for injunctive relief because one of the plaintiff's agents had "implicitly if not explicitly" authorized the defendant to use the trademark by congratulating it on its new business and wishing it success. *Id.*

In the instant case, Plaintiff has conclusively established that Defendant did not rely on an affirmative act of Plaintiff when it chose to use the Homax name for its store and brand. In fact, Shum, the founder of Homax, testified at his deposition that he had never even heard of Homax Products until he received a demand letter from Plaintiff. (Shum. Dep. 6-11.) As a result, Defendants cannot assert a defense of laches to Plaintiff's claim for injunctive relief; however, the Court's ruling on this issue in no way implicates the merits of Defendant's laches defense to Plaintiff's claim for damages.[2]

---

[2] Defendant argues that *H.G. Shopping Centers, L.P. v. Birney*, No. H-99-0622, 2000 WL 33538621, * 10 (S.D.Tex. Nov. 29, 2000) implies that a defendant who would be substantially harmed by an injunction can

### III.   CONCLUSION

For these reasons, Plaintiff's Motion for Partial Summary Judgment is

**GRANTED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the _17th_ day of July, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

**TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

assert laches as a defense.  The Court does not agree with this reading of *H.G. Shopping*, which relied on
the Fifth Circuit's reasoning in *Conan* that the Court has explained above.